UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MYRTLE HAWKINS

VERSUS

MURPHY EXPLORATION &
PRODUCTION COMPANY-USA,
MURPHY EXPLORATION &
PRODUCTION COMPANY,
MURPHY OIL USA, INC., HUSKY
CORPORATION, TAMMY JACKSON,
ABC INSURANCE COMPANY & DEF
INSURANCE COMPANY

CIVIL ACTION

NO. 08-666-JVP-DLD

## RULING ON MOTION TO REMAND

This matter is before the court on a motion by plaintiff, Myrtle Hawkins, to remand (doc. 7).   Removing defendants, Murphy Exploration & Production Company-USA, Murphy Exploration & Production Company, Murphy Oil USA, Inc., and Tammy Jackson, oppose the motion (doc. 8) and plaintiff has replied to the opposition (doc. 18).   Jurisdiction is alleged under 28 U.S.C. § 1332.   The matter is now submitted and there is no need for oral argument.

## FACTS AND PROCEDURAL POSTURE

Plaintiff originally filed this action on September 10, 2008 in the Nineteenth Judicial District Court, Parish of Baton Rouge.   The petition alleges that on or about

1

September 24, 2008,[1] plaintiff was injured while dispensing gasoline into her vehicle at a Murphy USA facility when the fuel dispenser sprayed fuel on her, including on her her head and into her eyes.  Plaintiff contends that, as a result of the incident, she sustained severe personal injuries and residual disabilities consisting of, but not limited to, injury to her eyes and head, pain, and physical and mental suffering.  She also alleges that she will continue to require extensive medical care as a result of the accident.  (Petition, ¶¶ 3, 7).

Of particular significance in this motion to remand are the claims asserted against defendant, Tammy Jackson.  The petition alleges that Tammy Jackson was the manager of the facility at which the injury occurred and that she was negligent in failing to: (1) properly maintain fuel dispensing equipment; (2) properly inspect fuel dispensing equipment; and (3) generally maintain the standard of care required in the situation (petition, ¶ 5).

On October 17, 2003, defendants, Murphy Exploration & Production Company-USA Murphy Exploration & Production Company, Murphy Oil USA, Inc., and Tammy Jackson, removed the case, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]  In support of that allegation, defendants allege that plaintiff fraudulently joined Tammy Jackson, a non-diverse defendant, in order to defeat

---

[1]According to plaintiff's reply memorandum and affidavit, the accident occurred on September 24, 2007 (*see* doc. 18, p. 2 & Hawkins Affidavit, ¶ 2).   Given that the petition was filed on September 10, 2008, an accident date of September 24, 2008 is a factual impossibility and the petition's reference to the year, 2008 is apparently a clerical error.

[2]Defendant, Husky Corporation, consented to the removal on October 22, 2008 (doc. 4).

diversity jurisdiction (doc 16, ¶ VI).[3]  On November 17, 2008, plaintiff moved the court to remand the case and award costs incurred by plaintiff in association with the removal (doc. 7-2).

## LAW AND ARGUMENT

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapatta Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2622, 2617, 162 L.Ed.2d 502 (2005) (quoting *Kokkonen V. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)).   A federal district court must always first address the issue of its subject matter jurisdiction.  See e.g. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.  *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

"The doctrine of improper joinder rests on [] statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has

---

[3]On February 4, 2009, in response to a court order, the removing defendants filed an amended notice of removal, alleging additional facts to establish the citizenship for diversity purposes of plaintiff, Myrtle Hawkins, and defendant, Tammy Jackson (doc. 16).

been 'improperly joined.'"[4] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).  Given that the focus of an improper joinder inquiry must be on the joinder and not the merits of the case, the Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.*

Though removing defendants allege that Jackson was "fraudulently joined," they do not allege that actual fraud was committed in the pleading of jurisdictional facts.  Removing defendants, instead, contend that plaintiff has failed to establish a cause of action against Jackson in state court (doc. 8, pp. 2-5).  Therefore, to determine whether joinder is improper "the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573.  If, however, "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*  In doing so, the court should not attempt to determine whether plaintiff will actually, or even probably, prevail on the merits, but must evaluate all factual allegations and

---

[4]The Fifth Circuit has adopted the term "improper joinder" as more consistent with the statutory language than the commonly used term "fraudulent joinder." *Smallwood*, 385 F.3d at 571, n. 1.

4

resolve all ambiguities in the light most favorable to the plaintiff to determine whether the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

The petition alleges that at the time of the accident, Jackson was the manager of the facility where the accident occurred and that she was charged with oversight of the facility's day to day operation, including the inspection and maintenance of fuel dispensing equipment. The petition further alleges that she failed to properly inspect and maintain the fuel dispensing equipment. (Petition, ¶ 5).

Under Louisiana law, a principal or employer owes a duty of care to third persons and that duty may be delegated to an employee. *Canter v. Koehring Co.*, 283 So.2d 716 (La.1973). Moreover, liability may be imposed on such an employee if "[t]he breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances–whether such failure be  due to malfeasance, misfeasance, or nonfeasance, including when the failure results from . . . a lack of ordinary care in discovering and avoiding such risk of harm." *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir. 1994).

The removing defendants argue that plaintiff can not prevail on her claim against Tammy Jackson because Jackson was not at the facility when the injury occurred and because she had no knowledge of any problems or defects with regard

to the nozzle in question (doc. 8, p. 5).  In support of that argument they submit the affidavit of Tammy Jackson in which she states that she was not on duty at the time of the accident and was unaware of any problems with the hoses or nozzles prior to that time.  Neither statement, however, addresses the claim that Jackson failed to exercise ordinary care in discovering and avoiding such risk as is alleged to have resulted from her breach of duty.

Resolving all ambiguities and considering all factual allegations in the light most favorable to the plaintiff, the court concludes that the removing defendants have failed to carry their burden of establishing that there is no possibility that plaintiff can establish a cause of action against defendant, Tammy Jackson.  Thus, the court finds that the non-diverse defendant was properly joined in this action and diversity jurisdiction is therefore absent.

## CONCLUSION

Accordingly, the motion by plaintiff, Myrtle Hawkins, to remand (doc. 7) is hereby **GRANTED** and this action shall be remanded to the Nineteenth Judicial District Court, Parish of Baton Rouge.

Baton Rouge, Louisiana, February 20, 2009.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE

6